IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RITA GARCIA,                              No.  CIV.S-03-2249 DAD

    Plaintiff,

  v.                                      ORDER

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $4,000 for 23.5 hours of professional time devoted to the representation of plaintiff before this court.  Defendant has filed a response to the motion which contains no objections to the award of $4,000 in attorney fees for court-related services.[1]

---

[1] Counsel for plaintiff also filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, but that motion has been withdrawn.  (See Doc. nos. 18 & 19.)

1

1           42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

>           Whenever a court renders a judgment favorable to
>           a claimant under this subchapter who was
>           represented before the court by an attorney, the
>           court may determine and allow as part of its
>           judgment a reasonable fee for such
>           representation, not in excess of 25 percent of
>           the total of the past-due benefits to which the
>           claimant is entitled by reason of such judgment,
>           and the Commissioner of Social Security may ...
>           certify the amount of such fee for payment to
>           such attorney out of, and not in addition to, the
>           amount of such past-due benefits....

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002)("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

          Here, counsel for plaintiff does not seek attorneys fees in an amount equal to 25 percent of the past-due benefits even though that amount is the maximum authorized by statute and set forth in the

/////

/////

1 contingency fee agreement between counsel and plaintiff.[2]  Rather,
2 counsel seeks an award only in the amount of $4,000 for 23.5 hours of
3 work at a rate of $170.21 per hour.  Based on the quality of
4 counsel's representation and the results achieved in this case, the
5 court finds the amount of hours expended to be reasonable.  The
6 hourly rate is also reasonable.  See Martin v. Barnhart, 225 F. Supp.
7 2d 704, 705-07 (W.D. Va. 2002)(awarding $10,189.50 for 16.82 hours of
8 court-related work which represented an hourly rate of $605.80);
9 Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002)
10 (awarding attorneys fees in excess of the amount received under EAJA
11 and finding an hourly rate of $338.29 to be reasonable).
12 Accordingly, the motion for attorney fees will be granted.[3]

13             Accordingly, IT IS HEREBY ORDERED that counsel for
14 plaintiff's motion be granted and that counsel be awarded $4,000 in
15 attorney fees.

16 DATED: May 30, 2006.

                                    _____
                                    DALE A. DROZD
DAD:th                              UNITED STATES MAGISTRATE JUDGE
Ddad1/orders.socsec/garcia2249.fees.406

---

[2] To be precise, the fee agreement provides for the recovery of "25 % of the total of all back benefits awarded ... or the sum of $4,000, whichever is less." (See Doc. no. 17, Ex. 1.)  Counsel has provided documentation from the Social Security Administration reflecting that it awarded plaintiff past-due benefits of $46,066.

[3] As a general matter, where an award is made pursuant to § 406(b), that sum must be offset by any sum awarded as fees pursuant to EAJA.  See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").  Here, however, the earlier EAJA motion has been withdrawn and there has been no award of fees under EAJA.  Therefore, counsel is entitled to the entire $4,000 sought.